Adams v. Beideman.

---

ISRAEL B. ADAMS

*v.*

MARIA BEIDEMAN et al.

A testator gave his homestead farm to three of his children equally, and further gave legacies to his widow in lieu of her dower, "secured on good freehold security, and the interest thereof paid half-yearly to her;" and also the interest on a legacy to a daughter for life. He then, after the payment or securing of the above-named legacies, gave all the residue of his estate, including the remainders of the legacies, to the three first-named children. One of them and a person not of the family were the executors. They had never filed any account. On a bill for a partition of the farm by such executor—*Held,*

(1) That the legacies were charged on the whole farm, and the amount due thereon ought to be ascertained before a sale was ordered on partition.

(2) That the complainant, who, by purchase from his brother, since testator's death, had acquired another third of the farm, and had occupied it since then, could not be called to account by the defendant, for the one-third of the proceeds of the farm during his occupancy, without a cross-bill.

(3) That since the amount of the personal estate, and the extent of the deficiency thereof to satisfy the debts and legacies, did not appear, a sale would not be ordered until after the executors have settled their account in the orphans court.

---

Bill for partition. On final hearing on pleadings and proofs.

*Mr. C. A. Bergen,* for complainant.

*Mr. T. J. Middleton* and *Mr. T. B. Harned,* for the answering defendant, Maria Beideman.

THE CHANCELLOR.

The bill prays a partition of a farm in Camden county, of which Isaac Adams, father of the complainant, died seized in 1877, and which, by his will, he gave to his three children, Israel B. Adams, Maria Beideman and George W. Adams. The complainant, having bought George's share, is the owner of two-thirds of the property, and Maria of the other third. By his will, Isaac Adams, after directing that his debts be paid by his

executors, gave to his widow two promissory notes which he held and the sum of $500 in cash, and then ordered that the sum of $1,500 of his estate be secured on good freehold security and the interest thereof paid half-yearly to her; which bequests he declared were in lieu of dower. He next gave his daughter, Rebecca Ann Garwood, the interest of $500 for life, and then made the following disposition of the residue of his estate, subsequently, however, excepting therefrom certain articles of personal property which he gave to his widow:

"After the debts and expenses and the above-named legacies be paid or secured to the interest of the above-named legatees, I give and bequeath all the residue and remainder of my estate, real, personal or mixed, including the $500 after the death of my daughter Rebecca Ann, and also the $1,500 secured to my wife, Jane Ann, after her death or ceasing to remain my widow, to my three children, Maria Beideman, Israel B. Adams and George W. Adams, share and share alike, equal between the three."

There can be no question that the legacies to the widow and Rebecca Ann are charged upon the real estate. *Corwine* v. *Corwine*, *9 C. E. Gr. 579*. The farm is not divisible among the owners without great prejudice to the interest of Mrs. Beideman at least. Moreover, it is, as a whole, subject to the lien of the legacies.

Mrs. Beideman insists that the complainant is bound to account to her in this suit for one-third of the value of the use and occupation of the farm from the time of the testator's death. She has lived in part of the house on the property ever since that time, and he has occupied the rest of it, and has, as she insists, tilled the farm, assuming control over it and excluding her therefrom, and has taken the profits thereof to his own use. But in the condition of the pleadings the complainant cannot be called to account in this suit. There is no cross-bill, and it may be remarked that the answer does not even refer to the matter. It merely "admits" that, at the decease of the testator, the complainant was in the occupation of the farm (except the part of the house occupied by Mrs. Beideman) under a lease from the testator, and that he still is in possession; and it "charges" that he is in great arrears for rent for the use and occupation of the

Adams v. Beideman.

farm.   But if the claim had been set up by the answer it could not be considered.   A cross-bill was necessary.

By the bill it is alleged that the personal estate of the testator amounts to but little more than enough to pay the debts, and is entirely inadequate to pay the legacies.   The answer denies the truth of this statement, and charges the complainant (he and Joel Horner were the executors of the will) with neglect in the performance of his duty as executor in not appraising, collecting and accounting for all of the personal property, and insists that if the estate were properly settled, sufficient money could be realized to pay the debts and part of the legacies.   It also claims that the complainant is himself a debtor of the estate, and it insists that the amount of the deficiency in payment of the legacies, after applying thereto the personal estate applicable, should be ascertained before a sale of the property should be ordered. The legacies are a charge on the whole property, and the amount of the lien should be ascertained before the sale; for the property would be sold subject to it.   Mrs. Beideman insists that the complainant and his co-executor should be called to an account here for their delinquency in the settlement of the estate, and that the amount applicable to the payment of the legacies should be ascertained in this suit.   But the pleadings are not apt for that purpose.   They have not been called into court to settle the estate.   The complainant's bill prays for partition merely, and Horner is a defendant thereto only as being interested in the raising and investing of the legacies out of the land.   If Mrs. Beideman desired to call them to account for the estate in this suit, she was bound to do so by cross-bill.   It appears, however, that they have never filed their final account, and they do not appear to have settled the estate.   Obviously, Mrs. Beideman has a right to have it ascertained what amount of the personal estate is applicable to the legacies before a sale of the land, and the complainant is not entitled to have a sale of the land in partition until the amount of the lien shall have been definitely fixed.   The decree for sale will be withheld until the executors shall have settled their account of the estate in the orphans court of Camden county.